UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| RICARDO BUTLER #360219, | )<br>) |
| Plaintiff, | ) Case No. 2:05-cv-90<br>) |
| v. | ) HON. GORDON J. QUIST<br>) |
| R. TENUTA, et al., | )<br>) |
| Defendants. | ) **OPINION**<br>) |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

I.   Factual allegations

Plaintiff is presently incarcerated at the Alger Maximum Correctional Facility (LMF). In his *pro se* complaint, he sues Defendants Resident Unit Officer R. Tenuta, Resident Unit Officer P. Basal, Sergeant R. Livermore, Resident Unit Officer Unknown Hill, Warden Barbara Bouchard, MDOC Director of Prisoner Affairs Jim Armstrong, and Captain Anthony Immel.

Plaintiff claims that on November 11, 2004, he received a minor misconduct for having a plastic hair comb in the recreation yard. During the review of this misconduct by Sergeant

K. Castello, Plaintiff received a major misconduct for threatening behavior. On the date of the interview, the escort team of Defendants Tenuta, Basal, Hill and Livermore took Plaintiff to administrative segregation. During the time that Plaintiff was being escorted, Sergeant Castello made a comment to Plaintiff about administrative segregation and Defendants Tenuta and Hill began pushing Plaintiff and throwing him to the ground while Defendant Basal stood by and watched. Defendant Immel then gave the order to secure Plaintiff by placing his waist in the "waist lock position," which is a prone position while in both handcuffs and belly chains. During this time, Defendant Immel was observing the officers punching and kicking Plaintiff. Defendant Immel then ordered Plaintiff to be placed in leg irons. Plaintiff claims that Defendant Immel ordered him to be strapped to a gurney and instructed Defendants Tenuta and Hill to apply pressure to the pressure point behind Plaintiff's ears.

On November 17, 2004, Plaintiff received a major misconduct hearing in front of Defendant Maki for an alleged assault on staff. The hearing was postponed due to the conflicting statements of the reporting staff, Defendants Tenuta and Hill, and the video of the events. The hearing resumed on November 19, 2004, and was again postponed because Hearing Officer Maki was unable to resolve the conflicting evidence. The hearing was again resumed on November 22, 2004, at which time the hearing officer found Plaintiff not guilty of assault, but guilty of disobeying a direct order.

On December 17, 2004, Plaintiff filed a step I grievance alleging the excessive use of force on November 11, 2004. On January 3, 2005, Plaintiff's step I grievance was denied by Lieutenant Nord. On January 16, 2005, Plaintiff filed his step II grievance, which was denied on February 3, 2005, by Defendant Bouchard. On February 8, 2005, Plaintiff filed a step III grievance,

which was denied by Defendant Armstrong on March 3, 2005.  For relief, Plaintiff requests compensatory and punitive damages, as well as declaratory and injunctive relief.

## II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741.  A district court must enforce the exhaustion requirement sua sponte.  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.  *Brown*, 139 F.3d at 1104.  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000).  A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court.  *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiff's claim of excessive force is the type of claim that may be grieved. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective Nov. 1, 2000); ¶ II (may grieve brutality and corruption by prison staff) (effective Oct. 11, 1999 and November 1, 2000).

The burden to allege and show exhaustion belongs to Plaintiff. *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104. This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits." *Knuckles El*, 215 F.3d at 642. Plaintiff attaches copies of steps I, II and III of grievance number LMF-0412-3662-18A to his complaint. In step I of his grievance, Plaintiff specifically asserts claims against Defendants Tenuta, Basal, Hill and Immel. However, Plaintiff fails mention Defendants Livermore, Bouchard and Armstrong in his grievance. Nor does it appear as if Plaintiff filed any additional grievances naming those Defendants. As noted above, a prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry*, 249 F.3d at 505. An allegation that remedies have been exhausted is not enough, as a plaintiff must provide the decisions reflecting the administrative disposition of his claims or other evidence showing that he has exhausted his remedies. *Williams v. McGinnis*, No. 98-1042, 1999 WL 183345, at *1 (6th Cir. March 16, 1999). The Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits." *See Knuckles El*, 215 F.3d at 642. Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies with regard to Defendants Livermore, Bouchard and Armstrong.

Because Plaintiff's complaint contains both exhausted and unexhausted claims, the Court will dismiss his action pursuant to the "total exhaustion" rule. Under the total exhaustion rule, the presence of an unexhausted claim results in the dismissal of the entire action. *Jones Bey v. Johnson, et al.*, ___ F.3d ___, No. 03-2331, slip op. at 4-6 (6th Cir. Apr. 27, 2005). Dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997). Accordingly, the Court will dismiss Plaintiff's action without prejudice.[1]

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is

---

[1] It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶¶ G-3, T, V. The Sixth Circuit held that an inmate cannot claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied*, 522 U.S. 906 (1997).

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

   A Judgment consistent with this Opinion will be entered.


Dated:  May 11, 2005                 /s/ Gordon J. Quist
                      GORDON J. QUIST
                  UNITED STATES DISTRICT JUDGE