UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| RICARDO BUTLER #360219, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:05-cv-90 |
| | ) | |
| v. | ) | HON. GORDON J. QUIST |
| | ) | |
| R. TENUTA, et al., | ) | |
| | ) | **ORDER GRANTING MOTION** |
| Defendants. | ) | **FOR RECONSIDERATION** |
| | ) | |

Plaintiff, a prisoner incarcerated at the Alger Maximum Correctional Facility (LMF), filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was dismissed on May 11, 2005, for failure to exhaust administrative remedies. (Docket #4.) Following the dismissal in this case, the United States Supreme Court decided *Jones v. Bock*, 127 S. Ct. 910 (Jan. 22, 2007). Plaintiff has now filed a motion for reconsideration pursuant to the United States Supreme Court decision in *Jones v. Bock*, 127 S. Ct. 910 (2007).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." The Supreme Court rejected a finding that the PLRA requires a prisoner to specifically name defendants in their grievances. Rather, the Court defined the level of detail necessary to exhaust as simply compliance with the administrative grievance process. Accordingly, exhaustion is satisfied if plaintiff complied with the grievance procedures of the Michigan Department of Corrections. Moreover, the burden is on defendants to show that plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. Exhaustion is no longer a pleading requirement. The Supreme

Court also rejected total exhaustion, holding that when a defendant establishes lack of exhaustion as an affirmative defense, only the unexhausted claim may be dismissed. Based on the Supreme Court's decision in *Jones v. Bock*, the court will reinstate Plaintiff's complaint. Therefore:

IT IS ORDERED that Plaintiff's motion for reconsideration (docket #9) is GRANTED.

IT IS FURTHER ORDERED that in accordance with Administrative Order No. 03-029, the Clerk shall return to Plaintiff with a copy of this order one copy of the complaint and any exhibits.

IT IS FURTHER ORDERED that immediately upon receipt of this order, Plaintiff shall request that the prison make **7** copies of the complaint and exhibits for service upon each Defendant for whom service has been ordered.

IT IS FURTHER ORDERED that within fifteen business days of this order, Plaintiff shall file with the Court the requisite number of copies of the complaint and exhibits along with a copy of this order OR an affidavit explaining why Plaintiff is unable to provide the requested copies within the fifteen-day period. Should the Court find that the prison failed to make copies upon Plaintiff's request, the Court will direct the Clerk to make such copies as may be necessary and to charge the Michigan Department of Corrections for the cost of copying at the Court's usual rate of $.50 per page.

IT IS FURTHER ORDERED that Plaintiff's failure to submit the requested copies within the time provided by the Court may result in the dismissal of his claims against Defendants without prejudice by the district judge.

IT IS FURTHER ORDERED that upon receipt of the copies required by this order, the Clerk shall arrange for service of summons and complaint, along with a copy of this order, upon Defendants.

IT IS FURTHER ORDERED that Defendants shall reply to the complaint by way of answer, motion to dismiss, or motion for summary judgment within the time allowed by law. *See* 42 U.S.C. § 1997e(g)(1).


Dated:  November 15, 2007             /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE